BYRNES, Judge.
This is an appeal from the dismissal by summary judgment of a suit by Luther Wesley Coates against Local 270 of the International Brotherhood of Teamsters, Chauffeurs, and Warehousemen of America, (hereinafter Local 270), for injuries he received in a beating at the hands of three union members during a strike. Coates claims that on June 5, 1979, while providing security for the Woodward Wight Co., he was 'assaulted by three members of Local 270, Ronald Cousins, Lonnie Hammond and James Lucky. These men were later arrested and charged with assaulting Coates.
The liability of a union for the unlawful acts of its members in a strike situation is determined by 29 U.S.C. § 106 which states in part:
No officer or member of any association or organization, and no association or *664 organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members or agents, except upon clear proof of actual participation in, or actual authorization of such acts, or a ratification of such acts after actual knowledge thereof (Emphasis added)
The union filed a motion for summary judgment, urging that the facts alleged by Coates were insufficient as a matter of law to meet the heavy burden of proof which 29 U.S.C. § 106 requires to hold a union liable for unlawful acts of its members. The trial judge agreed and granted the motion. This appeal followed.
ACTUAL PARTICIPATION OR AUTHORIZATION
We have examined the record in this matter and have determined that neither the original or supplemental petition filed by appellant, or the countervailing affidavits which he submitted in opposition to Local 270’s motion for summary judgment, alleged actual participation or actual authorization of the illegal acts of the individual defendants. On the other hand, the affidavits filed by Local 270 outline the extensive efforts which the union made, through correspondence and group meetings, to inform pickets that violence was against union policy and could have serious consequences.
Viewing the pleadings, responses to interrogatories, depositions and affidavits submitted by the appellant in the light most favorable to him we find that they did not raise a genuine issue of material fact concerning the union’s actual participation in or actual authorization of the illegal activities of its members. The trial judge was therefore correct in granting summary judgment as to this issue.
RATIFICATION
We next address the issue of ratification by the union of the activities of its members. 29 U.S.C. § 106 imposes liability on labor organizations for the illegal activities of their members if it is established by clear proof that the organization ratified the illegal acts after having actual knowledge of their occurrence. Appellant strenuously contends that the actions of John Ormond, retained counsel for local 270, in providing legal representation to the individual defendants and paying their criminal fines, constituted ratification of their illegal acts by the union. We do not agree.
Mr. Ormond’s deposition was submitted by appellant in support of his contention. We have examined this deposition and it seems apparent that Mr. Ormond represented the three defendants in his private capacity and not as attorney for the union. It is clearly stated in the deposition that the individual defendants and not the union were responsible for legal fees and fines incurred as a result of the incident in question. It further establishes that the union did not provide the services which appellant contends constituted ratification of its members actions, rather the union’s attorney provided those services in his private capacity to the individual defendants in their private capacity. Because the deposition did not raise a genuine issue of material fact concerning the Union’s ratification of illegal activities by way of Mr. Or-mond’s participation, the trial judge was correct in granting summary judgment on this issue.
Appellant also contends that the union’s payment of strike benefits to the individual defendants and its failuré to suspend or expelí those individuals constituted ratification by the union of their activities. We do not agree. In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) the Supreme Court held that:
[I]t would be inconsistent with the fabric of national labor policy to infer ratification from the mere fact that petitioner [the Union] involved itself in the dispute after the violence had occurred, or from the fact that it carried on some normal union functions, such as provision of *665 strike relief. A union would ordinarily undertake these tasks during the course of a lawful strike. National labor policy requires that national unions be encouraged to exercise a restraining influence on explosive strike situations; and when they seek to do so, they should not for these activities be make to risk liability for such harm as may already have been done.
Later cases have followed this lead and held that the payment of strike benefits is “... no more than the progress of normal union functions during a strike period. Such does not amount to ratification.” Federal Prescription Service Inc. v. Amalgamated Meat Cutters, 527 F.2d 269 (8th Cir.1975). We agree and also decline to find ratification in this typical union function. For the same reasons we do not believe that the union’s failure to suspend or discipline the individual defendants constituted ratification.
To hold the union liable for the illegal activities of its members there must be “clear proof” that the union actually authorized or participated in those activities or ratified those actions after receiving actual knowledge of their occurrence, 29 U.S.C. § 106. The requirement of clear proof has been analyzed by the U.S. Supreme Court as follows:
Although the statute does not define clear proof, its history and rationale suggest that Congress meant at least to signify a meaning like that commonly accorded such similar phrases as “clear, unequivocable, and convincing proof.” Under this standard, the plaintiff in a civil case is not required to satisfy the criminal standard of reasonable doubt on the issue of participation, authorization, or ratification; neither may he prevail be meeting the ordinary civil burden of persuasion. He is required to persuade by substantial margin, to come forward with more than a bare preponderance of the evidence to prevail. United Mine Workers v. Gibbs, supra.
The trial judge ruled, as a matter of law, that the facts presented in the appellant’s pleadings, affidavits or other documents did not meet this burden. Even viewing the facts of this case in a light most favorable to appellant we must agree with the trial judge that Local 270 was entitled to judgment in its favor as a matter of law. The facts alleged by appellant in the affidavits and other supporting documents simply were not sufficient under the standard of clear proof to raise a genuine issue of material fact concerning Local 270’s ratification or participation in the assault by its individual members.
Finally, appellant contends that a “mass action” by Local 270’s membership took place during the strike sufficient to hold the union liable. The case law has established that the concerted action of a multitude of union members can be sufficient proof of the union participation or authorization of its members acts to hold the union accountable. Turnkey Constructors Inc. v. Cement Masons Local Union, 580 F.2d 798 (5th Cir.1978). Appellant introduced affidavits which related other incidents of violence involving other union members. However, the number of union members involved fell far short of establishing a mass action by clear proof.
It seems clear that a mass action refers to the number of members involved, not to the number of incidents. In Foam and Plastics Division Tenneco v. General Drivers and Helpers Local 401 Teamsters, 520 F.2d 945 (3rd Cir.1975), 90% of the members participated in the illegal activity. In Carbon Fuel Co. v. U.M.W., 582 F.2d 1346 (4th Cir.1978), all union members participated in an illegal strike.
Appellants’ affidavits simply were not sufficient as a matter of law to raise a genuine issue of fact concerning a mass action by union members as that term has been defined in the jurisprudence.
For the foregoing reasons we affirm the actions of the trial court. All cost of this appeal are to be borne by the appellant.
AFFIRMED.